**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JANIS DIANE PIERCE, | ) |
| | ) CHAPTER 7 Proceeding |
| Debtor. | ) |
| | ) |
| | ) CASE NO. 21-BK-10199-NWW |
| | ) |
| _____ | ) |

### QUICKEN LOANS, LLC's MOTION & INCORPORATED BRIEF FOR LEAVE TO FILE APPEAL

**COMES NOW** Quicken Loans, LLC ("Quicken"), by and through its undersigned counsel, and hereby files its Motion ("Motion") for leave to file an appeal of the order (Paper Number 39) (the "Order") entered on June 3, 2021, by the clerk of the United States Bankruptcy Court for the Eastern District of Tennessee ("Bankruptcy Court"), pursuant to Federal Rules of Bankruptcy Procedure 8001(b) and 8003 and 28 U.S.C. § 158 and states:

### PRELIMINARY STATEMENT

By the Order, the Bankruptcy Court denied Quicken's motion to dismiss the instant bankruptcy petition, as filed by debtor Janis Diane Pierce (hereinafter, "Debtor" or "Pierce"), due to improper venue. Solely the Chapter 7 Trustee, Douglas R. Johnson ("Trustee") opposed Quicken's motion to dismiss.

As set forth within the bankruptcy petition (and uncontested by the Trustee), Debtor is a retiree who lives in Georgia, with the Debtor's principal asset being certain Georgia real property. Despite Debtor's admitted wholesale lack of ties to the State of Tennessee, Debtor filed her bankruptcy petition in this Court. All parties, including the Debtor, the Trustee, and

1

Quicken acknowledged during oral argument as to the underlying motion that venue was not proper in Tennessee. The Bankruptcy Court, citing the cases of In Re Stormes, 2016 WL 6839041 (Bankr. S.D.W. Va. 2016) and Cruisephone, Inc. v. Cruise Ships Catering and Servs. N.V. (In 19 re Cruisephone, Inc.), 278 B.R. 325, 330 (Bankr. E.D.N.Y. 20 2002) incorrectly held that the filing of a Proof of Claim by Quicken, prior to its Motion to Dismiss, equated to the filing of a Civil Complaint, and thereby finding Quicken waived venue by its action of filing the Proof of Claim[1].

The decision by the Bankruptcy Court to rely upon the Stormes and Cruisephone cases was misplaced, as Stormes dealt with the filing of a Motion to Dismiss within an adversary proceeding itself due to improper venue, and Cruisephone addresses whether personal jurisdiction in the United States over a foreign corporation could be obtained by way of filing of a proof of claim. The ruling in this case creates unnecessary confusion for those creditors filing simple Proofs of Claims to protect and preserve their interests. Given that the Courts have consistently declined to find the filing of a Proof of Claim equals a waiver of venue, without Appellate intervention and the reversal of the Bankruptcy Court's ruling, Creditors will be harmed by Debtors who continue to forum shop for venues in which to file bankruptcy petitions, as well as by bankruptcy trustees who routinely fail to examine and consider the propriety of venue of a debtor. Bankruptcy courts will also continue to be charged, such as here, of routinely examining and determining extra-jurisdiction state law priority claims, such as here, with a Tennessee bankruptcy court charged with determining real property priority claims determined under the laws of the State of Georgia.

---

[1] The Trustee in his Response to the motion and at the hearing, acknowledged and agreed with Quicken that there was no authority which hold that the filing of a Proof of Claim *per se* equates

It is important that the Court grant Quicken leave to appeal the Order as Creditors will be prejudiced in not having the freedom to file Proofs of Claims when they deem necessary, even if venue for the underlying bankruptcy petition is wrong.

## STATEMENT OF FACTS

**A. Background Of the Bankruptcy Case**

On January 29, 2021, debtor Janis Diane Pierce ("Debtor") filed the instant Chapter 7 Proceeding ("Petition"). *See* Dkt. 1. Within the Bankruptcy Petition, Debtor identified living at 279 Canary Circle, Ringgold, Catoosa County, Georgia 30736 ("Georgia Property"). Dkt. 1, p.1. Despite Debtor stating that she lived in Georgia (and outside of the Eastern District of Tennessee), Debtor nonetheless averred without any basis as having lived in the instant district for the majority of the last 180 days in the Bankruptcy Petition. Id. Debtor did not otherwise identify any business owned or operated within the Bankruptcy Petition in the instant district. Id., p. 4. Debtor identified her principal asset at the time of the filing in the Bankruptcy Petition as the Georgia Property. Id., p. 17, 22. In light of Debtor's lack of ties to the Eastern District, Debtor asserted that she was entitled to Georgia-derived bankruptcy exemptions in the Eastern District of Tennessee. *See, e.g.*, Id., p. 23. Quicken was identified within the Bankruptcy Petition as having a secured interest in the Georgia Property – *see* Dkt. 1, pp. 9, 25 – and accordingly is a party in interest to the instant proceeding properly able to bring the instant motion.

On March 10, 2021, the Section 341 hearing was conducted; thereafter, on March 13, 2021, the Proof of Claim deadline within the instant action was set for June 9, 2021. Dkt. 24. On March 25, 2021, the Chapter 7 Trustee commenced an adversary proceeding against Quicken in the Eastern District of Tennessee, as assigned case number 21-ap-01013-NWW.

to a waiver of venue.

3

**B. Background Of Adversary Proceeding**

On March 25, 2021, the Chapter 7 Trustee commenced an adversary proceeding against Quicken in the Eastern District of Tennessee, as assigned case number 21-ap-01013-NWW. The Adversary seeks to avoid a one-half secured interest of Quicken which relates to the Georgia Property.

### STATEMENT OF QUESTIONS PRESENTED BY THE APPEAL

1. Did the Bankruptcy Court err in denying Quicken's Motion to Dismiss for Lack of Venue, in light of the patent lack of venue on the face of the bankruptcy petition?

2. Did the Bankruptcy Court err when it concluded that the filing of a Proof of Claim equates to the filing of a Complaint, such that venue is waived?

### STANDARD GOVERNING THE DECISION WHETHER TO GRANT LEAVE TO APPEAL

Section 158(a) of Title 28 of the United States Code states:

The district courts[2] of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;
(2) from interlocutory orders and decrees issued under section 121(d) of Title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
(3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title . . .

28 U.S.C. 158(a).

No standards are contained in the statute or the Bankruptcy Rule that govern whether leave is to be granted. Courts have generally adopted the standard set forth under section 1292(b)

---

[2] Quicken elects to have any appeal heard before the 6th Circuit Bankruptcy Appellate

Case 1:21-bk-10199-NWW    Doc 47    Filed 06/14/21    Entered 06/14/21 22:30:15    Desc
Main Document    Page 5 of 12

of Title 28 of the United States Code in considering whether to grant leave to appeal from an interlocutory order of the bankruptcy court. *Law Debenture Trust v. Calpine Corp. (In re Calpine Corp.),* 2007 U.S. Dist. LEXIS 1324, at * 19 (S.D.N.Y. 2007); *GE Capital Corp. v. Mach., Inc. (In re Mach., Inc.),* 275 B.R. 303 (B.A.P. 8th Cir. 2002); *Big Rivers Elec. Corp. v.Schilling (In re Big Rivers Elec. Corp.)*, 252 B.R. 670 (W.D. KY. 2000); *In re Dino's, Inc.,* 183 B.R. 779 (S.D. Ohio 1995); *In re Neshaminy Office Bldg. Associates,* 81 B.R. 301 (E.D. Pa.1987).

> Section 1292(b) provides:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

"Courts have tended to make the 'controlling question' requirement the same as the requirement that its determination 'may materially advance the ultimate termination of the litigation.'" *See Collier's on Bankruptcy*, ¶ 8003.03 *citing Itel Corp. v. M/S Victoria,* 710 F.2d 199 (5th Cir. 1983); *Bank of New England Corp.*, 218 B.R. 643 (B.A.P. 1st Cir. 1998); *E.F. Hutton & Co. v. Brown*, 305 F. Supp. 371 (S.D. Texas 1969). Thus, the importance of the matter to the ultimate disposition of the case is the key to the decision on whether to grant leave to appeal. *Hadar Leasing Int'l, Inc. v. D.H. Overmyer Telecasting Co. (In re Hadar Leasing Int'l, Inc.)*, 14 B.R. 819 (S.D. N.Y. 1980).

---

Panel for the Eastern District of Tennessee Bankruptcy Court.

5

**STATEMENT OF THE REASONS WHY AN APPEAL SHOULD BE GRANTED**

**A. The Three Appellate Panel should immediately review and reverse the Bankruptcy Court's decision that Motion to Dismiss be Denied.**

*The question of whether venue is proper for the bankruptcy petition meets the "controlling question" standard.*

The United States Code concisely sets forth the venue requirements for a bankruptcy proceeding to be properly commenced in a district; however, the Debtor's Petition wholly fails to meet any of the venue requirements as to the Eastern District of Tennessee.

Particularly, 28 U.S.C. § 1408 states that a bankruptcy proceeding may be commenced in the district "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States" of the person filing such proceeding "have been located for the one hundred and eighty days immediately preceding" the bankruptcy filing. 28 U.S.C. § 1408(1). Or "[i]n other words, a debtor seeking bankruptcy protection may file a petition in any district where he or she currently lives, conducts a business, or has principal assets," subject to being established in the district for at least 180 days. In re MacDonald, 356 B.R. 416, 420 (Bankr. W.D. Tenn. 2006). In Tennessee, a domicile is treated as "where a person has his principal home and enjoyment of his fortunes," whereas a residence "include[s] places where the debtor has a semi-permanent residence, even if that place is not the debtor's domicile." In re Acor, 510 B.R. 588, 592 (Bankr. W.D. Tenn. 2014).

The Sixth Circuit moreover has emphasized that the "venue requirements of 28 U.S.C. § 1408 are mandatory, not optional" in evaluating whether an improperly filed bankruptcy may remain in an improper venue. Thompson v. Greenwood, 507 F.3d 416, 424 (6th Cir. 2007).

Here, the Petition sets forth no basis whatsoever for this matter to have otherwise been filed within the Eastern District of Tennessee. The Petition only identifies two places where the Debtor has lived and maintained their domicile within the last three years prior to the filing of the Petition, both of which are located in Georgia. *See* Dkt 1, p. 8 (August 1999 to April 2019 at 333 Autumn Trl, Ringgold, Georgia) and 279 Canary Circle, Ringgold, Georgia (Id., p. 2). Debtor does not maintain any business in the Eastern District and is, in fact, retired and otherwise dependent on Social Security for her income. *See* Dkt. 1, pp. 4, 9, 33. And finally, the Debtor's principal asset, constituting over 95% of her listed assets in the Petition, is the Georgia Property not located in the Eastern District of Tennessee. Id., p. 17, 22.

Debtor has identified no bases which confer venue upon this Court and the Eastern District of Tennessee under the mandatory provisions of 28 U.S.C. § 1408, and in fact the Petition confirms that none exist. The Chapter 7 Trustee, at oral argument to the underlying motion, further conceded that no basis for venue in the Eastern District of Tennessee was set forth by Debtor. As such, the Petition was unquestionably filed in the wrong venue, requiring the dismissal of the Petition.

**B. STATEMENT OF THE REASONS WHY AN APPEAL SHOULD BE GRANTED**

**A. The Three Appellate Panel should immediately review and reverse the Bankruptcy Court's decision that the filing of a Proof of Claim equates to the filing of a Complaint**

The question of whether the filing of a Proof of Claim equates to the filing of a Complaint meets the "controlling question" standard. There is also a substantial ground for difference of opinion concerning whether or not this is the correct correlation.

At the hearing on the Motion to Dismiss, the Bankruptcy Court quoted from the case of

In Re Stormes, 2016 WL 6839041 (Bankr. S.D.W. Va. 2016) and the case of In 19 re Cruisephone, Inc., 278 B.R. 325, 330 (Bankr. E.D.N.Y. 20 2002).  The Bankruptcy Court is mistaken to use the Stormes and Cruisephone cases as the legal rationale for the denial of the Motion to Dismiss. There has consistently been no holding nationally that a Proof of Claim filing constitutes a Creditor waiving its right to challenge venue.  In keeping with that line of reasoning, the Bankruptcy Court should not have improperly drawn comparisons with cases whose holding are not applicable to the case at bar.

In Stormes, Discover, the creditor, was accused by the Debtors of improperly continuing collection activities in direct violation of the automatic stay. The Debtors filed an Adversary to address the improper collection activity. Discover moved for a dismissal of the **Adversary Proceeding** based on improper venue.  The Stormes court held that an adversary proceeding is generally properly located in the same district as the pending bankruptcy proceeding; curiously however, the Stormes court failed to cite to the corresponding United States Code which enshrines this presumption in law.  *See* 28 U.S.C. § 1409.  In a lone footnote, after having held that the concepts of § 1409 applied as to the adversary proceeding at issue, the Court mentioned in dicta that when a Proof of Claim is filed it "triggers the process of allowance and disallowance of claims, thereby subjecting the [Creditor] to the bankruptcy's court's equitable power" thereby conferring jurisdiction.  Stormes (*citing* Langenkamp v. Culp, 498 U.S. 42, 44 (1990)).  However, Stormes' passing note not only was in dicta, but its footnote speaks only to jurisdiction and wavier of a right to a jury trial in the adversary proceeding itself, *not* to the question of improper venue in the underlying bankruptcy.

Moreover, the delicate balance between the standard found in 28 U.S.C. § 1412 was the only factor the Stormes Court considered.  However, 28 U.S.C. § 1412 is only implicated in

8

discretionary venue situations, such as where a debtor files in one state but the locus of facts, witnesses, and evidence for an underlying adversary proceeding lies wholly within another jurisdiction. *See, e.g.*, In re Hechinger Inv. Co. of Delaware, Inc., 288 B.R. 398, 402-03 (Bankr.D.Del. 2003). By contrast, 28 U.S.C. § 1406 has much narrower judicial discretion, particularly applying to cases of improper venue or cases where personal jurisdiction is lacking. *See e.g.* In re Pickeral, 267 B.R. 1, 3 (Bankr. D.C. 2001). 28 U.S.C. § 1406 particularly directs a court that it "**shall** dismiss, or if it be in the interest of justice, transfer such case…". Accordingly, unless findings as to the interests of justice are made by the Court to support its discretion, the default under the applicable statute is dismissal. The Court wholly failed to consider the required analysis under 28 U.S.C. § 1406 regarding improper venue prior to utilizing an inapposite case in an attempt to find venue. As such, it was overreaching to rely on Stormes in denying the Quicken Motion to Dismiss.

Moreover, the instant motion contesting improper venue is timely and sufficiently objected to under 28 U.S.C. § 1406, permitting this Court to dismiss the matter due to improper venue.

The majority of courts nationally, including those within the Sixth Circuit, evaluate the timeliness of a contest to venue on the "facts and circumstances." Particularly, in evaluating whether to dismiss a similar bankruptcy case for improper venue, a Sixth Circuit dismissed a bankruptcy proceeding in light of a timely contest to venue filed ninety-eight days after the filing of the bankruptcy proceeding and on the last day to object to a bankruptcy discharge. In re McCall, 194 B.R. 590 (Bankr. W.D. Tenn. 1996). "What constitutes a timely filing of such a motion is not governed by a statutory or rule definition." McCall, 194 B.R. at 592. Whether a motion contesting venue has been timely filed depends on the facts and circumstances presented in the particular case. *See* McCall, 194 B.R. at 593. Particularly persuasive to the McCall court

was Debtor's failure to properly disclose items, and knowing misrepresentations, on Debtor's petition, which as discussed below, is equally applicable here.  Id.

In analyzing the timeliness of contests to improper venue, courts have consistently held that the passage of time alone is not determinative of "timeliness" under § 1406.  For instance, a bankruptcy court found a § 1406 motion as timely when brought a year and a half after the filing of the bankruptcy petition.  See In re EDP Medical Computer Systems, Inc., 178 B.R. 57 (M.D.Pa.1995).  Generally, if the transfer would result in fragmentation or duplication of administration, increase expense, or delay closing of the estate, such a factor would bear on the timeliness of the motion. See Advisory Committee Notes, Fed.R.Bankr.P. 1014(a).[3]  A persuasive opinion from the Tenth Circuit analyzed the prejudice which would befall the Debtor, and ultimately held that a dismissal of the bankruptcy proceeding for improper venue was proper when such a motion was asserted after the meeting of creditors.  In re Blagg, 223 B.R. 795, 10th Cir.BAP (Okla.) 1998.  To the extent that Debtor may incur additional attorneys' fees due to a dismissal and re-filing in the proper venue is irrelevant and otherwise a circular argument – but for the debtor's incorrect venue choice, a concern as to Debtor's incurred attorneys' fees would not be a factor.  See In re Ross, 312 B.R. 879, 890 (Bankr. W.D. Tenn. 2004).

Here, substantively the bankruptcy proceeding is in its relative infancy.  The deadline for filing an objection to discharge was well-off at the time of the underlying motion, the proof of claim deadline was even further off, and because of the equities as discussed below, no prejudice would befall Debtor due to Debtor and Debtor's counsel knowing misrepresentations within the bankruptcy petition.  The trustee has issued no reports as to the assets of the estate or fully completed its duties within the instant proceeding.  Moreover, no prejudice would befall other

---

[3] Such rules are only intended to further guide a court and do not create any new rights.  Pursuant to 28 U.S.C. §

creditors of the Debtor upon a dismissal, as the Debtor would otherwise not receive a discharge in the instant proceeding.

WHEREFORE, the Court should grant the Motion for leave to file an appeal of the Order, and grant such other relief as the Court deems just and proper.

Dated: June 14, 2021

                                        THE GILROY FIRM
                                           /s/ Monica K. Gilroy
                                        MONICA K. GILROY
                                        Georgia Bar No. 427520
                                        *Attorneys for Quicken Loans, LLC*
                                        1145 Hightower Trail, Atlanta, Georgia 30350
                                        (678) 280-1922; Monica.Gilroy@gilroyfirm.com

---

2075, "the rules shall not abridge, enlarge, or modify any substantive right."

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, a copy of the Quicken Loans, LLC's Motion & Incorporated Brief for Leave to File Appeal was served on those listed below as indicated:

Via electronic case noticing:

Elisabeth B Donnovin – Counsel for Trustee – ECF
Johnson & Mulroony, P.C.
428 McCallie Avenue
Chattanooga, TN 37402

Douglas R. Johnson, Trustee – ECF

Kimberly C. Swafford – US Trustee – UCF

Bankruptcy Court – ECF

W. Thomas Bible, Jr. – Counsel for Debtor - ECF
Tom Bible Law
6918 Shallowford Rd., Suite 100
Chattanooga, TN 37421

Natalie Brown – Counsel for Quicken - ECF
Rubin Lublin, LLC
119 S. Main Street, Suite 500
Memphis, TN 38103

/s/ Monica K. Gilroy
Monica K. Gilroy
Georgia Bar No. 427520
The Gilroy Firm
*Attorney for Quicken Loans, LLC*
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922
Monica.Gilroy@gilroyfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 21-10199-NWW |
| | ) | |
| JANIS DIANE PIERCE, | ) | |
| | ) | CHAPTER 7 Proceeding |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO APPEAL AND STAYING
BANKRUPTCY PROCEEDING**

Creditor, Quicken Loans, LLC, having moved for this Court for Leave to Appeal and Stay of the instant Bankruptcy proceeding, it is hereby

**ORDERED** that this Court grants the Motion for Leave to Appeal and Stays the instant Bankruptcy proceeding pending a resolution of the Motion on appeal.

# # #

1

Approved for entry by:

/s/ Monica K. Gilroy
Monica K. Gilroy
Georgia Bar No. 427520
The Gilroy Firm
*Attorney for Quicken Loans, LLC*
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922
Monica.Gilroy@gilroyfirm.com

2